

**FILED**

MAY 29 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) MATTHEW SKELTON, )
)
Plaintiff, )   15-CV-00296-CVE-TLW
)
vs. )
)
) **COMPLAINT**
(1) CREDIT COLLECTION SERVICES, INC., )   (Unlawful Debt Collection Practices)
)
Defendant. )
)   **JURY TRIAL DEMANDED**

**COMPLAINT**

NOW COMES Plaintiff, Matthew Skelton, and for his Complaint against Defendant, Credit Collection Services, Inc., alleges as follows:

1. Plaintiff states a claim against Credit Collection Services, Inc. for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

COMPLAINT                                                                                           1

      Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  (d) **Interstate commerce**

      Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  (e) **Purposes**

      It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and

COMPLAINT        2

sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Newton, MA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or about May 19, 2015, Defendant placed a collection call to Plaintiff's seeking to collect a debt.

12. Plaintiff's home telephone answering machine has an outgoing message played to all callers that was created by Plaintiff's minor daughter, and states her name. Plaintiff's minor daughter routinely listens to Plaintiff's answering machine messages.

13. Defendant called Plaintiff's home telephone answering machine and left a message that specifically identified Plaintiff by name and communicated that Defendant was calling to collect a debt owed by Plaintiff. *See* Recording of Message by Defendant, attached as Exhibit 1.

14. The voicemail message was left by an artificial, computer-generated voice, and presumably placed by a computer auto-dialer.

15. The message was heard by Plaintiff's minor daughter. Defendant had reason to anticipate that the message would be heard by someone else besides the Plaintiff as the outgoing message is the voice of Plaintiff's minor daughter, and she states her own name in such message. *See* Recording of Outgoing Message, attached as Exhibit 2.

16. Defendant called Plaintiff from 617-581-1960.

17. Defendant called Plaintiff at 918-xxx-6560.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692c(b) of the FDCPA by recklessly or intentionally communicating with third parties, including Plaintiff's minor daughter, through telephone messages communicating that Defendant is calling to collect a debt owed by Plaintiff; and

   b) Defendant violated §1692d of the FDCPA by engaging in conduct natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**WHEREFORE**, Plaintiff, Matthew Skelton, respectfully prays that judgment be entered against Defendant, Credit Collection Services, Inc., for the following:

   a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

   b) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

   c) Any other relief that this court deems to be just and proper.

Respectfully Submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net